UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JAMAR AVI CORTINA, | |
| Plaintiff, | Civil Action No. 09-cv-1988 (NLH)(AMD) |
| v. | OPINION |
| GARY BADER, P/O # 347 and JASON SNYDER, P/O # 316, | |
| Defendants. | |

**APPEARANCES**:

Jamar Avi Cortina
200545
P.O. Box 90431
Camden County Correctional Facility
Camden, NJ 08101
*Pro Se*

Anne E. Walters, Esquire
Charles Shimberg PC
41 South Haddon Avenue
2nd Floor
Haddonfield, NJ 08033
*Attorney for Defendants Gary Bader and Jason Snyder*

**HILLMAN, District Judge**

Plaintiff, Jamar Avi Cortina, alleges that defendants, Gary Bader and Jason Snyder, both police officers, conspired against him, ultimately assaulting him and then falsifying criminal charges against him. Based on those allegations, plaintiff filed suit in this Court under 42 U.S.C. § 1983, claiming constitutional violations of due process and his right against excessive bail. Defendants now move to dismiss plaintiff's suit.

For the reasons expressed below, that motion will be granted.

## I.   JURISDICTION

Plaintiff has brought his claims pursuant to 42 U.S.C. § 1983.  This Court has jurisdiction over plaintiff's federal claims under 28 U.S.C. § 1331.

## II.   BACKGROUND

On the night of February 16, 2007, defendants encountered plaintiff during a traffic stop.[1]  Once outside of his vehicle, plaintiff was physically assaulted by defendants, who punched him in his face and on his body.  As a result of one of Officer Snyder's blows to his face, plaintiff suffered a broken nose.

Thereafter, plaintiff was arrested and transported to the police station.  Officer Bader falsified criminal charges against plaintiff, alleging that plaintiff attempted to disarm him by prying his gun out of his holster.  Further, Officer Snyder accused plaintiff of physically attacking him.  By plaintiff's assessment, defendants had conspired to assault him, fabricate criminal charges against him, and deny him a reasonable bail.

On April 27, 2009, plaintiff filed a complaint in this Court and remitted the filing fee in the amount of $350.00.  In addition to his Section 1983 claim, plaintiff avers that, in the

---

[1] Given that the present matter comes before the Court by way of defendants' Motion to Dismiss, plaintiff's allegations are accepted as true and viewed in a light most favorable to plaintiff, as is required when reviewing a motion to dismiss. See Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).

aftermath of defendants' alleged misconduct, he filed a "tort claim within the 90 day period after the incident," as well as criminal complaints with "the Cherry Hill Police Internal Affairs," "the Camden County Prosecutor," and "the Attorney General Anne Milgram," and, on May 16, 2008, a civil action in this Court.[2]

Consequently, defendants have filed a Motion to Dismiss Plaintiff's Complaint, arguing that the statute of limitations has expired on plaintiff's Section 1983 claim. Presently before the Court is defendants' Motion to Dismiss.

**III. DISCUSSION**

    **A.    Standard for Motion to Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d

---

[2] That initial complaint was administratively terminated on June 2, 2008, on account of plaintiff's failure to remit the $350.00 filing fee or to complete an application to proceed in forma pauperis. As part of the Order dated June 2, 2008, the Court denied plaintiff's in forma pauperis application and allowed him to reopen his case within thirty days of the Order by submitting a written request and the filing fee or a complete in forma pauperis application. Plaintiff did not attempt to reopen the case. Instead, he waited approximately nine months before instituting the current suit in April 2009.

3

347, 350 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)).  Under the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis.  First, a claim's factual and legal elements should be separated; a "district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 129 S. Ct. at 1950).

Second, a district court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoting Iqbal, 129 S. Ct. at 1950).  "[A] complaint must do more than allege the plaintiff's entitlement to relief." Id.; see Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)

4

("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." (quoting Twombly, 550 U.S. at 556)).  The defendant bears the burden of showing that no claim has been presented.  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005).

**B.   Statute of Limitations for Section 1983 Claim**

Defendants argue that plaintiff's Section 1983 claim should be dismissed because the claim's two-year statute of limitations expired prior to plaintiff filing the current complaint.  Plaintiff has not responded to defendants' Motion to Dismiss.[3]

The accrual date of a Section 1983 civil rights action is entirely a question of federal law.  Wallace v. Kato, 549 U.S. 384, 388 (2007); Fullman v. Pa. Dep't of Corr., 265 Fed. Appx. 44, 46 (3d Cir. 2008).  "The limitations period for purposes of § 1983 claims begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the

---

[3] Although plaintiff has not responded, defendants' counsel has certified that it mailed a copy of the present motion to plaintiff's mailing address and the motion has been posted on the Court's electronic case filing system.

section 1983 action." Fullman, 265 Fed. Appx. at 46 (citation and internal quotation marks omitted). Although federal law governs the accrual date, the applicable limitations period for a Section 1983 claim is the statute of limitations for personal injuries in the state in which the cause of action arose. Wallace, 549 U.S. at 387; Marcum v. Harris, 328 Fed. Appx. 792, 795 (3d Cir. 2009). Plaintiff's cause of action arose against defendants in the State of New Jersey. In New Jersey, the statute of limitations for personal injury claims, and thus for Section 1983 claims, is two years. See N.J.S.A. 2A:14-2(a); Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991) (citing Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989)).

In this case, plaintiff was allegedly beaten by defendants on February 16, 2007. On or around that same day, defendants purportedly arrested plaintiff, transported him to the police station, and filed frivolous criminal charges against him. Accordingly, plaintiff knew of his injuries and defendants' misconduct causing those injuries on or about February 16, 2007 -- the date, therefore, on which his Section 1983 claim accrued.[4]

---

[4] Aside from the obvious fact that plaintiff must have realized his injuries and defendants' misconduct at the time he was allegedly beaten and incarcerated, further evidence of the early accrual date of plaintiff's case is demonstrated by the myriad filings plaintiff made soon thereafter, including the "tort claim [he filed] within the 90 day period after the incident," the criminal complaints with "the Cherry Hill Police

6

Plaintiff did not file his current suit in this matter until approximately April 27, 2009, about twenty-six months after the alleged incidents. Therefore, defendants correctly assert that the two-year statute of limitations period during which plaintiff could file his Section 1983 claim had expired prior to the filing of plaintiff's suit.[5]

Notwithstanding the lapse in time, the Court, <u>sua sponte</u>, recognizes the import of <u>McDowell v. Delaware State Police</u>, 88 F.3d 188 (3d Cir. 1996), in which the Third Circuit stated that "a complaint [is] to be constructively filed as of the date that the clerk received the complaint -- as long as the plaintiff ultimately pays the filing fee or the district court grants the plaintiff's request to proceed <u>in forma pauperis</u>." <u>Id.</u> With that pronouncement in mind, the Court acknowledges that plaintiff initially commenced an action against defendants in May 2008. In its June 2, 2008 Order denying plaintiff's <u>in forma pauperis</u> application and administratively terminating his initial suit, the Court directed plaintiff to indicate whether he intended to reopen his case within thirty days of the Order. If plaintiff

---

Internal Affairs," "the Camden County Prosecutor," and "the Attorney General Anne Milgram," and the "civil complaint" he filed in this Court on May 16, 2008.

[5] Even if this Court were to liberally construe the prison mailbox rule and were to consider plaintiff's current complaint filed on April 15, 2009 -- the date on which he signed it -- for purposes of the statute of limitations, the current complaint was still filed out of time.

7

had so expressed his intent, then the Order stated that the case would be reopened and would not be subject to the statute of limitations.

Rather than comply with the Court's Order, however, plaintiff did not pursue his existing case. Instead, he waited approximately nine months, and after the limitations period had expired, before instituting a new suit under a different docket number. This fact alone distinguishes this case from McDowell and removes it from the ambit of McDowell's holding. By commencing a new suit under a different docket number, plaintiff's remittance of the filing fee does not relate back to his initial complaint, but instead facilitates his new action that was filed out of time.[6]

---

[6] Moreover, unlike in McDowell, plaintiff here submitted his application to proceed in forma pauperis at the same time he submitted his initial complaint. Also contrary to the circumstances in McDowell, this Court ruled on plaintiff's application at the outset of the suit, ultimately denying it, and accorded plaintiff the opportunity to reopen his case within thirty days and to avoid any time bar –- an invitation that plaintiff did not accept. Therefore, in this case plaintiff was not subjected to any judicial delay in addressing his in forma pauperis application or his need to pay the filing fee. See Breckin v. Mbna, Am., 28 F. Supp. 2d 209, 211 (D. Del. 1998) (distinguishing McDowell on the basis that in this case "the Court denied the [in forma pauperis] application, and in so doing, returned the burden of remitting the filing fee to the Plaintiff," who delayed in filing the fee); Walker v. Hensley, 2009 U.S. Dist. LEXIS 120897, at **17-18 (E.D. Pa. Dec. 23, 2009) (dismissing civil rights claim on grounds of statute of limitations where court denied plaintiff's in forma pauperis application and closed case, and plaintiff then re-filed application after limitations period had expired); see also Fields v. Schaffer, 2005 U.S. Dist. LEXIS 480, at **4-5 (E.D. Pa.

Nor does the plaintiff assert, or can we otherwise discern, that the limitations period should be tolled until April 15, 2009, the day on which plaintiff signed his current complaint.[7] Apart from the aforementioned considerations, there do not appear to be any other extraordinary grounds warranting the leniency afforded by the doctrines of equitable tolling or the discovery rule or any other tolling devices. That plaintiff is a pro se litigant does not, in and of itself, entitle him to any leniency absent other exceptional circumstances. See Huertas v. City of Philadelphia, 188 Fed. Appx. 136, 138 (3d Cir. 2006) (noting that plaintiff's "ignorance, inexperience and pro se status . . . do not toll the statute of limitations"); Randolph v. Sherrer, 2008 U.S. Dist. LEXIS 28075, at *16 (D.N.J. Apr. 1, 2008) (noting that

---

Jan. 12, 2005) ("The statute of limitations is tolled while the court considers an in forma pauperis motion, but the limitations period restarts if the court denies the motion. In addition, the limitations period may be equitably tolled if the plaintiff complies with a court order regarding refiling of an in forma pauperis motion." (internal citation omitted)). Plaintiff was informed how to proceed to elude the preclusive effect of the statute of limitations and failed to do so. See Williams-Guice v. Bd. of Educ., 45 F.3d 161, 163 (7th Cir. 1995) (stating that "plaintiffs should not possess an option to delay service indefinitely by declining to pay the docket fee"). Therefore, because plaintiff did not comply with the Order or otherwise attempt to pursue his existing action, instead choosing to commence a new suit altogether, the holding in McDowell does not save his case.

[7] Even if plaintiff were credited that time during his previous suit when the Court considered his in forma pauperis application and the thirty-day period he was granted to reopen his case, plaintiff's current action was still not filed until after the statute of limitations had expired.

"ignorance of the law, even for a pro se prisoner, is not sufficient to relax the statute of limitations bar").

Therefore, for the reasons stated above, defendants' Motion to Dismiss is granted.

## IV.  CONCLUSION

For the foregoing reasons, defendants' Motion to Dismiss Plaintiff's Complaint is granted.  An Order consistent with this Opinion will be entered.

```
Dated: March 24, 2010          /s/ NOEL L. HILLMAN
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.
```

10